IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEONARD HOLIDAY, #221 251, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:12-CV-529-TMH |
| | ) | [WO] |
| WARDEN HETZEL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, a state inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, filed this action on a form for seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. The court has carefully reviewed the petition and finds that it is more appropriately filed pursuant to 28 U.S.C. § 2241 because Petitioner seeks to challenge the execution of a federal sentence.[1]  After reviewing the petition and relevant legal authority, the court finds that the petition is due to be summarily dismissed. *See* 28 U.S.C. § 2243; *see also* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*.

**I.  BACKGROUND**

In addressing the pending action, the court has carefully reviewed the challenges

---

[1] Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3).

made by Petitioner and also takes judicial notice of federal court records.[2] These pleadings and court records show that Petitioner was convicted, pursuant to his plea of guilty, in the United States District Court for the Southern District of Alabama for a violation of 28 U.S.C. § 2113(E), Death as a Result of a Bank Robbery. That court sentenced Petitioner on July 24, 2002 to 276 months imprisonment. *See United States v. Holiday*, 2:01-CR-7-CB-C (S.D. Ala.) Petitioner was also sentenced in the Circuit Court for Hale County, Alabama, on charges arising from the same facts as his federal conviction, and was sentenced to a term of 25 years imprisonment. (*See Id. at Doc. No. 271; Doc. No. 1 at pg. 13*.) In filing the instant habeas petition, Petitioner requests that the "remainder of his federal sentence [be vacated,] . . .[his] conviction remain intact, [and/or] execut[ion] [of his] federal sentence." (*Doc. No. 1 at pg. 15*.)

Petitioner indicates in the pending action that he was sent to a federal facility in October 2002 to begin serving his federal sentence. While serving time on his federal sentence, the Bureau of Prisons ["BOP"] ran a sentence computation on Petitioner which indicated that the Alabama Department of Corrections ["ADOC"] had filed a detainer with the BOP requiring Petitioner's return to Alabama following the expiration of his federal sentence. In February 2009, however, Petitioner asserts that the ADOC contacted the BOP indicating that Petitioner was not supposed to be in federal custody. The BOP then released Petitioner from federal custody and returned him to custody of the ADOC. (*Doc. No. 1 at*

---

[2]*Available at: http://pcl.uscouts.gov.*

*pg. 5.*) Petitioner contends that his state sentence was ordered to run concurrent with his federal sentence. (*Id. at pgs. 13, 16.*) His federal sentence, however, was not directed to run concurrent with his state sentence and, consequently, the BOP has a federal detainer warrant pending against Petitioner requiring his return to BOP custody following completion of his state sentence. (*Id. and pg. 5.*) Accordingly, the court understands Petitioner as seeking to have the remainder of his federal sentence either discharged or be directed to run concurrently with service of his state sentence because, he claims, he was erroneously released from federal custody prior to completion of his federal sentence.[3] (*Id. at pg. 17; see also Doc. No. 1 at attachment.*)

## II. DISCUSSION

While it is clear that Petitioner is currently imprisoned pursuant to a state court judgment, it is equally clear that Petitioner is not seeking to challenge such judgment in the present action. Rather, the court finds that Petitioner attempts to challenge the manner in which the BOP will calculate his federal sentence at some future date. Because Petitioner seeks to challenge the execution of his federal sentence, his claims are properly pursued in

---

[3] The court notes that Petitioner did file a motion to vacate sentence in the United States District Court for the Southern District of Alabama wherein he presented the same challenge to his federal sentence as he presents in the instant action. *See United States v. Holiday*, 1:01-CR-7-CB-C (S.D. Ala.) (*Doc. No. 301.*) That court, although noting that Petitioner was requesting that the remainder of his federal sentence be vacated, concluded that Petitioner was actually attacking the execution of his sentence rather than the validity of his sentence and determined that such challenge must be presented in a petition filed under 28 U.S.C. § 2241 in the district in which Petitioner is housed. (*Id. at 302.*) The court, therefore, dismissed Petitioner's § 2255 motion without prejudice. (*Id.*)

a § 2241 petition in this court. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."); *Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000) ( "[A]n attack, focusing on where [the prisoner's] sentence will be served, seems to fit better under the rubric of § 2241."); *see also Coady v. Vaughn*, 251 F.3d 480, 485 (3rd Cir. 2001). Further, although Petitioner is currently incarcerated within a state facility, he satisfies the "in custody" requirement to challenge his consecutive federal sentence via a habeas corpus petition. *See Peyton v. Rowe,* 391 U.S. 54, 66-67 (1968) ("A prisoner who is serving two consecutive sentences is 'in custody'" for purposes of challenging a second sentence in a habeas petition while he is serving the first sentence.); *Maleng v. Cook,* 490 U.S. 488, 49 (1989).

While Petitioner meets the requisite criteria to proceed with this case, his attempt to challenge the manner in which the BOP will execute his federal sentence at a future date is subject to exhaustion of administrative remedies. The law is settled that prisoners must exhaust administrative remedies before habeas relief can be granted, including relief pursuant to § 2241. *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004); *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir.1994); *see also Staley v. Wallace*, 2007 WL 709781 *1 (E.D. Wisc. Mar. 5, 2007) (in cases where state inmates challenge the way the BOP will calculate their federal sentences, exhaustion is not an affirmative defense, it is a prerequisite). Petitioner has not

4

submitted any documentation demonstrating exhaustion nor does his habeas application reflect that he has undertaken the administrative remedy process of the BOP regarding the claims presented in his petition.

Assuming, *arguendo*, that a futility exception to exhaustion of administrative remedies is applicable to the instant proceeding, Petitioner has not alleged the sort of extraordinary circumstances or patent futility in pursuing administrative relief that might excuse exhaustion. *See Fuller*, 11 F.3d at 62 (holding futility exception in habeas cases only applicable in "extraordinary circumstances" where petitioner illustrates patent futility); *see also Jaimes v. United* States, 2006 WL 387440, *2 (11th Cir. 2006) ( *per curiam* ) ("[g]iven our precedent that the exhaustion requirement in § 2241 cases ... is jurisdictional, whether [petitioner] may even assert a futility exception to the requirement is questionable."). Further, the fact that Petitioner may not be able to initiate the administrative remedy process of the BOP while he is incarcerated within the ADOC does not constitute extraordinary circumstances warranting waiver of the exhaustion requirement. *See Brown v. U.S.*, 2009 WL 6962529, *2 (S.D.W.Va. Nov. 18, 2009) (finding habeas request by inmate in state custody challenging the way he believes BOP will calculate his federal sentence at some future date to be premature and unexhausted); *see also Brown v. Ashcroft,* 41 Fed. Appx. 873, 874–75 (7th Cir .2002) (concluding that dismissal for failure to exhaust proper where district courts are limited to reviewing BOP's decisions about execution of sentences and

without exhaustion, there is no BOP decision to review).

For the reasons stated herein, the court finds that Petitioner has not yet exhausted available administrative remedies with respect to the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust available administrative remedies. *See Fuller,* 11 F.3d at 62. Consequently, the court concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Petitioner can pursue his available state court remedies.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the present action, considered a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, filed by Petitioner Leonard Holiday be DISMISSED without prejudice to afford him an opportunity to exhaust all available administrative remedies.

It is further

ORDERED that **on or before August 1, 2012** Petitioner may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of July 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE